# IN THE UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

| | |
|---|---|
| Address of Plaintiff: | Delmer Hammond and Rose M. Hammond, h/w<br>141 Glen Edge Road<br>Mantua, NJ 08051 |
| Address of Defendant: | See attached List |
| Place of Accident, incident or Transaction: | Various |
| | *(Use Reverse Side for Additional Space)* |

Does this case involve multidistrict litigation possibilities?    Yes ■    No ☐

*RELATED CASE IF ANY*

Case Number:    01-CV-5981    Judge _____    Date Terminated:    N/A

Civil cases are deemed related when yes is answered to any of the following questions:

1.  Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes ☐    No ■

2.  Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes ■    No ☐

3.  Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?    Yes ☐    No ■

**CIVIL:** (Place an ⊠ in *ONE CATEGORY ONLY*)

A.  *Federal Question Cases:*

| | | |
|---|---|---|
| 1. | ☐ | Indemnity Contract, Marine Contract, and All Other Contracts |
| 2. | ☐ | FELA |
| 3. | ☐ | Jones Act — Personal Injury |
| 4. | ☐ | Antitrust |
| 5. | ☐ | Patent |
| 6. | ☐ | Labor-Management |
| 7. | ☐ | Civil Rights |
| 8. | ☐ | Habeas Corpus |
| 9. | ☐ | Securities Act(s) Cases |
| 10. | ☐ | Social Security Review Cases |
| 11. | ■ | All other Federal Question Cases (please specify)-Related to Chapter 11 Filing |

B.  *Diversity Jurisdiction Cases:*

| | | |
|---|---|---|
| 1. | ☐ | Insurance Contract and Other Contracts |
| 2. | ☐ | Airplane Personal Injury |
| 3. | ☐ | Assault, Defamation |
| 4. | ☐ | Marine Personal Injury |
| 5. | ☐ | Motor Vehicle Personal Injury |
| 6. | ☐ | Other Personal Injury (Please specify) |
| 7. | ☐ | Products Liability |
| 8. | ☐ | Products Liability — Asbestos |
| 9. | ☐ | All other Diversity Cases (Please specify) |

## ARBITRATION CERTIFICATION
*(Check appropriate category)*

I, _____ , counsel of record do hereby certify:

☐    Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000 exclusive of interest and costs;

☐    Relief other than monetary damages is sought.

DATE: _____

_____    _____
*Attorney-at-Law*    *Attorney I.D.#*

**NOTE:**  A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____

_____    _____
*Attorney-at-Law*    *Attorney I.D.#*

CIV 609 (9/99)

## Defendants (Names and Addresses):

DaimlerChrysler Corporation
1000 Chrysler Driver
Auburn Hills, MI  48326-2766


Ford Motor Company
Parklane Towers West
Suite 1500
Three Parklane Boulevard
Dearborn, MI  48126-2568


General Motors Corporation
400 Renaissance Center
P.O. Box 400
Detroit, MI  48265-4000


Federal-Mogul Global, Inc., individually and/or as parent company, successor in interest, or indemnitor to or of:

Fel-Pro, Inc.,

Ferodo America, Inc.,

Gasket Holdings, Inc., formerly known as Flexitallic Gasket Company,

Moog Automotive Inc., formerly known as Wagner Electric Corporation,

Pneumo Abex Corp., or

T&N plc.

2655 Northwestern Highway
Southfield, MI  48034

JS44
(Rev 12/96)

**CIVIL COVER SHEET**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM )

**I (a) PLAINTIFFS**
Delmer Hammond and Rose M. Hammond, h/w

**DEFENDANTS**
SEE ATTACHED

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U S PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U S PLAINTIFF CASES ONLY)
NOTE    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Robert E. Paul, Esquire
1608 Walnut Street, Suite 500
Philadelphia, PA 19103
(215) 735-9200

ATTORNEYS (IF KNOWN)
Lavin, Coleman, O'Neil, Ricci, Finarelli & Gray
Penn Mutual Tower
510 Walnut Street - Suite 1000
Philadelphia, PA 19106
(215) 627-0303

**II. BASIS OF JURISDICTION** (PLACE AN x IN ONE BOX ONLY)

- ☐ 1  U S Government Plaintiff
- ☐ 2  U S Government Defendant
- ☒ 3  Federal Question (U S Government Not a Party)
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION** (CITE THE U S CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Action for personal injury for asbestos exposure against Federal-Mogul Global, Inc., or companies it purchased and removing defendants, removed pursuant to 28 U.S.C. § 1452(a)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 442 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – Med Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury – Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R R & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | *Habeas Corpus* | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 520 General | ☐ 791 Empl Ret Inc Security Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 870 Taxes (U S Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | ☐ 871 IRS – Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Other | | | |

**VI. ORIGIN** (PLACE AN x IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgement

**VII. REQUESTED IN COMPLAINT:**
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F R C P 23

**DEMAND $**
In Excess of $50,000.00

Check YES only if demanded in complaint
**JURY DEMAND** ☒ YES   ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions)
JUDGE _____
DOCKET NUMBER 01-CV-5981

DATE
June 28, 2002

SIGNATURE OF ATTORNEY OF RECORD
Edward T. Finch, Esquire

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG JUDGE _____

**Defendants (Names and Addresses):**

DaimlerChrysler Corporation
1000 Chrysler Driver
Auburn Hills, MI  48326-2766


Ford Motor Company
Parklane Towers West
Suite 1500
Three Parklane Boulevard
Dearborn, MI  48126-2568


General Motors Corporation
400 Renaissance Center
P.O. Box 400
Detroit, MI  48265-4000


Federal-Mogul Global, Inc., individually and/or as parent company, successor in interest, or indemnitor to or of:

Fel-Pro, Inc.,

Ferodo America, Inc.,

Gasket Holdings, Inc., formerly known as Flexitallic Gasket Company,

Moog Automotive Inc., formerly known as Wagner Electric Corporation,

Pneumo Abex Corp., or

T&N plc.

2655 Northwestern Highway
Southfield, MI  48034

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

DELMER HAMMOND and ROSE M. HAMMOND, h/w

CASE NO.

    V.

DAIMLERCHRYSLER CORPORATION
FORD MOTOR COMPANY
GENERAL MOTORS CORPORATION
FEDERAL-MOGUL GLOBAL, INC.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See §1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

     (a)    Habeas Corpus – Cases brought under 28 U.S.C. §2441 through §2255.    ( )

     (b)    Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

     (c)    Arbitration – Cases required to be designated for arbitration under Local Civil Rule 8.    ( )

     (d)    Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( X )

     (e)    Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

     (f)    Standard Management – Cases that do not fall into any one of the other tracks.    ( )

June 28, 2002
_____
(Date)

_____
Attorney-at-law

Edward T. Finch, Esquire

Attorney For

DaimlerChrysler Corporation, Ford Motor Company and General Motors Corporation

(Civ. 660)
12/91

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

DELMER HAMMOND and ROSE M.      CASE NO.
HAMMOND, h/w

V.

DAIMLERCHRYSLER CORPORATION
FORD MOTOR COMPANY
GENERAL MOTORS CORPORATION
FEDERAL-MOGUL GLOBAL, INC.

## NOTICE OF REMOVAL

Defendants DaimlerChrysler Corporation, Ford Motor Company and General Motors Corporation (the "automobile manufacturers") hereby give notice of the removal to the United States District Court for the Eastern District of Pennsylvania of the claims which have been asserted against them in the action captioned Delmer Hammond and Rose M. Hammond, h/w v. A.W. Chesterton, Inc., et al. now pending in the Court of Common Pleas of Philadelphia County, at No. 0205-2717. This Notice of Removal is filed pursuant to 28 U.S.C. § 1452(a), and as grounds for removal the automobile manufacturers state the following:

1.      The action of which the removed claims are a part was commenced in the Court of Common Pleas of Philadelphia County.

2.      The removed claims are those for personal injury or wrongful death asserted against the automobile manufacturers on the basis of alleged exposure to certain of their asbestos-containing products, including brakes and other automotive parts, manufactured for the automobile

manufacturers by Federal-Mogul Global, Inc., or companies that it purchased, one or more of which is a co-defendant of the automobile manufacturers.

3.     On October 1, 2001 Federal-Mogul Global, Inc. filed a voluntary petition for protection under Chapter 11 of the United States Bankruptcy Code, commencing bankruptcy case number 01-10578 (the "Federal-Mogul Bankruptcy Case") currently pending in the United States Bankruptcy Court for the District of Delaware.

4.     The removed claims may be removed to this Court pursuant to 28 U.S.C. § 1452(a): (i) the removed claims are asserted in a civil action not exempt from removal; and (ii) the Court has jurisdiction of the removed claims under 28 U.S.C. § 1334. All claims asserted against the Removing Defendants are related to the Federal-Mogul Bankruptcy Case, and the continued prosecution, outcome at trial or other resolution of the claims will have an effect on the administration of the Federal-Mogul Bankruptcy Case.

5.     Removal to this Court is timely pursuant to Federal Rule of Bankruptcy Procedure 9027(a)(3) in that the Federal-Mogul Bankruptcy Case was pending when the removed claims were asserted on or after October 1, 2001 and in that this notice has been filed within 30 days of receipt by one or all of the automobile manufacturers of a copy of the initial pleading setting forth the removed claims.

6.     Upon removal, the proceedings with respect to the removed claims are non-core. The automobile manufacturers do not consent to entry of a final order or judgment by the bankruptcy judge to the extent the bankruptcy court is authorized to hear or determine such claims consistent with 28 U.S.C. § 157(b)(5).

2

7.      The purpose of removal is to facilitate transfer of the removed claims to the United States District Court for the District of Delaware, the district court presiding over the Federal-Mogul Bankruptcy Case, to resolve on a consolidated basis the common threshold scientific issues concerning whether brakes and other automotive parts cause disease. *See, e.g., In re Dow Corning Corp.*, 1995 W.L. 495978, at *2 (Bankr. E.D. Mich. Aug. 9, 1995) (personal injury tort claims transferred to bankruptcy court pursuant to 28 U.S.C. § 157(b)(5) to resolve threshold scientific issues concerning whether silicone breast implants caused disease after removal to federal court pursuant to 28 U.S.C. § 1452(a)).

8.      On November 20, 2001, the automobile manufacturers filed in the Federal-Mogul Bankruptcy Case a motion pursuant to 28 U.S.C. § 157(b)(5) to transfer this and all other claims related to brakes and automotive parts for consolidated resolution of the threshold scientific issues concerning whether brakes and other automotive parts cause disease.

9.      On December 10, 2001 the Honorable Alfred M. Wolin issued the attached Order provisionally transferring pursuant to 28 U.S.C. § 157(b)(5) the claims asserted against the automobile manufacturers to the United States District Court for the District of Delaware.

10.     On January 3, 2002, Judge Wolin issued a letter opinion and order reiterating that all asbestos friction claims against the automobile manufacturers pending in federal courts as of December 10 had been transferred, and ordering any claims removed after December 10 transferred as well. A copy of the Order and Opinion are attached to this Notice.

11.     On February 8, 2002, the Honorable Alfred M. Wolin denied the "Motions to Transfer the 'Friction Claims'" and simultaneously remanded the friction products claims. Attached hereto is a copy of said Order.

3

12.     However, on February 11, 2002, the United States Court of Appeals for the Third Circuit granted a Temporary Stay of Judge Wolin's February 8, 2002 Court Order so that the matter could be considered by a three-judge panel of that court. Attached hereto is a copy of said Order.

13.     The Removing Defendants file this Notice of Removal to adequately protect the interests of Removing Defendants and to facilitate transfer of these claims to the United States District Court for the District of Delaware pursuant to Judge Wolin's provisional transfer order.

14.     The automobile manufacturers will comply with 28 U.S.C. § 1446(d) by promptly giving notice of the filing of this Notice of Removal to all adverse parties to the action pending in the state court and filing a copy of this Notice of Removal with the prothonotary of the Court of Common Pleas of Philadelphia County.

Respectfully submitted,

LAVIN, COLEMAN, O'NEIL, RICCI, FINARELLI & GRAY

BY: _____
    Edward T. Finch, Esquire
    Attorney for Defendants,
    DaimlerChrysler Corporation,
    Ford Motor Company and
    General Motors Corporation

4

## CERTIFICATE OF SERVICE

I, Edward T. Finch, Esquire, hereby certify that pursuant to 28 U.S.C. § 1446(d) written notice of the removal of this action will be promptly given to all adverse parties and a copy of the Notice of Removal will be filed with the Court of Common Pleas.

Edward T. Finch, Esquire

PAUL, REICH & MYERS, P C.
Firm No. 99997
By:  Robert E Paul, Esquire
Identification No. 21252
Attorney for Plaintiff
:608 Walnut Street, Suite 500
Philadelphia, PA  19103
(215) 735-9200

**ATTEST**

MAY 2 3 2002

L PAONE
PRO. PROTHY

```
┌─────────────────────────────────┐
│  THIS IS NOT AN ARBITRATION      │
│           MATTER.                │
│  ASSESSMENT OF DAMAGES           │
│  HEARING NOT REQUIRED.           │
│  JURY TRIAL DEMANDED.            │
└─────────────────────────────────┘
```

```
┌─────────────────────────────────────────────────────┐
│         IN THE COURT OF COMMON PLEAS                  │
│            OF PHILADELPHIA COUNTY -                   │
│          TRIAL DIVISION: CIVIL SECTION                │
└─────────────────────────────────────────────────────┘
```

DELMER HAMMOND and                    : MAY TERM, 2002
ROSE M. HAMMOND, h/w                  :
141 Glen Edge Road                    :
Mantua, NJ  08051                     :
                                      :     **002717**
                                      :
        vs.                           : NO
                                      :
A.W. CHESTERTON, INC. (127)           :
Route 93                              :
Middlesex Industrial Park             :
Stoneham, MA  02180                   :  ASBESTOS CASE
        (continued...)                :

```
┌─────────────────────────────────────┐
│   COMPLAINT – CIVIL ACTION           │
│        2090 ASBESTOS                 │
└─────────────────────────────────────┘
```

### NOTICE

You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

**PHILADELPHIA BAR ASSOCIATION**
LAWYER REFERRAL AND INFORMATION SERVICE
ONE READING CENTER
PHILADELPHIA, PENNSYLVANIA 19107
TELEPHONE. (215) 238-1701

### AVISO

Le han demandado a usted en la corta.  Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) días de plazo al partir de la fecha de la demanda y la notificación.  Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona  Sea avisado que si usted no se defiende, la corte tomar  medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELFONO  A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL

**ASOCIACIÓN DE LICENCIADOS DE FILADELFIA**
SERVICIO DE REFERENCIA E INFORMACION
ONE READING CENTER
FILADELFIA, PENNSYLVANIA 19107
TELÉFONO: (215) 238-1701

ACards, INC. (001)
120 North Lime
PO Box 1548
Lancaster, PA  17608

AJAX MAGNETHERMIC CORP. ()
1745 Overland Ave., N.E.
Warren, OH  44482

ALLEN-BRADLEY COMPANY ()
c/o CT Corporation System
44 East Mifflin Street
Madison, WI  53703

ALLIEDSIGNAL INC. (048)
101 Columbian Road & Park Avenue
Morristown, NJ  07960

ALSTOM POWER, INC. ()
200 Day Hill Road
Windsor, CT  06095

AMCHEM PRODUCTS, INC. (229)
300 Brookside Avenue
Ambler, PA  19002

AMERICAN GAS FURNACE ()
P.O. Box 496
140 Highway #1
Elizabeth, NJ  07207

AMERICAN LUBRICANTS COMPANY (11932)
1227 Deeds Avenue
Dayton, OH  45404

AMERICAN PETROFINA, INC. ()
818 West 7th Street
Los Angeles, CA

AMERICAN STANDARD, INC. ()
1 Centennial Avenue
Piscataway, NJ  08855

ASBESTOS CORPORATION, LTD. (006)
840 Boulevard Ouellet
Thetford Mines
Quebec,  Canada  G6G 7A5

AZROCK INDUSTRIES (11126)
c/o DOMCO INDUSTRIES
1001 Yamaska St. E.
Farnham, Que, Canada  J2N1J7

BASIC, INC. (215)
525 Brook Street
Rocky Hill, CT  06067

BBA Group PLC ()
f/k/a BBA Friction Ltd.
1200 Century Way
Thorpe Park Business Park
Colton, LEEDS
West Yorkshire,  England  LS15 8ZA

BBC BROWN BOVERI (465)
c/o William J. O'Brien, Esq.
DELANEY & O'BRIEN
Constitution Place
325 Chestnut Street, Ste. 1212
Philadelphia, PA  19106

BEAZER EAST (f/k/a Koppers) (440)
c/o CABRAJA SILVERBERG & WRIGHT
3400 Gulf Tower
707 Grant Street
Pittsburgh, PA  15219

BF GOODRICH COMPANY ()
2550 W. Tyvola Road
Charlotte, NC  28217-4543

BOC GROUP (466)
575 Mountain Ave.
Murray Hill, NJ  07974

BONDEX INTERNATIONAL, INC. (2444)
707 Spirit40 Park Drive
Chesterfield, MO  63005

BORG-WARNER CORPORATION (055)
200 South Michigan Avenue
Chicago, IL  60604

BRAND INSULATION, INC. (057)
720 E. Butterfield Rd.
Lombard, IL 60148-5613

BROUDY SUPPLY CO. (7257)
9 Union Hill Road
West Conshohocken, PA  19428

BURNHAM BOILER CORP. (244)
c/o CT Corporation Systems
1635 Market Street, Suite 1120
Philadelphia, PA  19103

C.E. REFRACTORIES (009)
c/o William J. O'Brien, Esq.
DELANEY & O'BRIEN
Constitution Place
325 Chestnut Street, Ste. 1212
Philadelphia, PA  19106

C.E. THURSTON ()
4850 Brookside Court
Norfolk, VA  23502

CAPCO PIPE COMPANY, INC. (113)
f/k/a CEMENT ASBESTOS PRODUCTS COMPANY
c/o Asarco
180 Maiden Lane
New York, NY  10038

CERTAIN-TEED CORPORATION (090)
Swedesford & Old School Rds.
Valley Forge, PA  19481

CHAMPLAIN NATIONAL SECURITIES ()
The Plaza
Albany, NY  12220

CHEVRON USA, INC. (J) ()
Secretary's Department
Attn: Hilman P. Walker
575 Market Street, #3800
San Francisco, CA  94105

CHRYSLER CORPORATION (433)
12000 Chrysler Drive
Highland Park, MI  48288-0001

CLARK EQUIPMENT COMPANY (2686)
A Division of Ingersoll Reed
100 North Michigan Street
South Bend, IN  46634

CLEAVER-BROOKS, INC. (155)
A Division of Aqua-Chem, Inc.
3707 North Richards
P. O. Box 421
Milwaukee, WI  53201

COMBUSTION ENGINEERING, INC. (059)
a/k/a ABB COMBUSTION ENGINEERING
2000 Day Hill Road
Windsor, CT  06905

CONGOLEUM CORPORATION (0444)
P.O. Box 3127
Trenton, NJ  08619

CONTINENTAL OIL CO. ()
c/o CT Corporation Systems
1635 Market St., #1120
Philadelphia, PA  19103

CONWED ()
760 29th Ave SE
Minneapolis, MN  55414

COONEY BROTHERS (178)
2256 N. 5th St.
Philadelphia, PA   19133

CRANE CO. (11752)
100 First Stamford Place
Stamford, CT   06902

CROUSE-HINDS (0471)
600 Travis
Suite 5800
Houston, TX   77002

CROWN CORK AND SEAL COMPANY, INC. ()
(Successor to Mundet Cork Company)
One Crown Way
Philadelphia, PA   19154-4599

DANA CORPORATION (061)
4500 Dorr Street
P.O. Box 1000
Toledo, OH   43697

DREVER FURNACES (220)
Red Lion Road and Philmont Avenue
Huntington Valley, PA   19006

DURABLA MANUFACTURING CO. (2952)
140 Sheree Blvd.
Lionville, PA   19353

FIRESTONE TIRE & RUBBER CO. (0448)
1200 Firestone Pkwy.
Akron, OH   44317

FLINTKOTE COMPANY (019)
Attn:  Christine M. Hamilton
Three Embarcadero Center, Ste. 1190
Suite 1600
San Francisco, CA   94111-4047

FLUOR CORPORATION ()
1 Fluor Daniel Drive
Aliso Viejo, CA   92698

FORD MOTOR CO. (105)
c/o John M. Rintamaki
The American Road
Room 1187
Dearborn, MI   48121

GARLOCK, INC. (022)
c/o Coltec Industries, Inc.
Three Coliseum Centre
2730 West Tyvola Road
Charlotte, NC   28217

GENERAL MOTORS CORPORATION (148)
c/o CT Corporation Systems
1635 Market Street, Suite 1120
Philadelphia, PA   19103

GEORGIA-PACIFIC CORPORATION (244)
c/o CT Corporation Systems
1635 Market Street, Suite 1120
Philadelphia, PA   19103

GREENE, TWEED & COMPANY (132)
Detweiler Road
Kulpsville, PA   19443

H.B. FULLER CO. ()
c/o C.T. Corporation System, Inc.
1635 Market Street, Ste. 3100
Philadelphia, PA   19103

HAJOCA CORPORATION (258)
950 Township Line Road
Chester, PA   19013

HEINTZ CORPORATION ()
11000 Roosevelt Boulevard
Philadelphia, PA   19140

HERCULES CHEMICAL COMPANY, INC. (310)
111 South Street
Passaic, NJ   07055

HONEYWELL, INC. ()
101 Columbia Road
Morristown, NJ   07962

HOPEMAN BROTHERS, INC. (066)
435 Essex Avenue
P.O. Box 820
Waynesboro, VA   22980

IPA SYSTEMS, INC. (427)
2745 North Amber Street
Philadelphia, PA   19134

J.A. Sexauer ()
P.O. Box 1000
White Plains, NY   10602

J.H. FRANCE REFRACTORIES CO. (227)
895 Clarence Road
Snow Shoe, PA   16874

JAMES S. MERRITT COMPANY ()
Lizell Building, Suite 202
Routes 309 and 463
P.O. Box
Montgomeryville, PA   18936

JOHN CRANE, INC. (093)
6400 Oakton Road
Morton Grove, IL   60053

KAISER GYPSUM COMPANY, INC. (346)
3000 Busch Road
Pleasanton, CA   94566

KARNAK CORPORATION (7734)
330 Central Avenue
Clark, NJ   07066

KEELER-DORR-OLIVER INC. (225)
238 West Street
Williamsport, PA   17701

KELSEY-HAYES COMPANY (5598)
12025 Tech Center Drive
Livonia, MI   48150

KERITE COMPANY (174)
225 West Washington Street
Chicago, IL   60606

LEAR SIEGLER DIVERSIFIED HOLDING CORPORATION (068)
Third Floor, 469 Morris Avenue
Summit, NJ   07901

M.W. KELLOG ()
Foot of Danforth Ave.
Jersey City, NJ   0003

MAREMONT CORPORATION (072)
c/o Corporation Trust Center
1209 Orange Street
Wilmington, DE   19801

MIDLAND ROSS/SURFACE COMBUSTION ()
1700 Indiana Wood Circle
Maumee, OH   43537

MINNESOTA MINING AND MANUFACTURING ()
3 M Center
St. Paul, MN   55144

MOBIL OIL CORPORATION (453)
c/o Prentice Hall Corporation
2704 Commerce Drive, Suite B
Harrisburg, PA   17110

MONSEY PRODUCTS (070)
Coldstream Road
Kimberton, PA   19442

MONTELLO ()
6106 E. 32nd Place
Tulsa, OK   74135

McCORD GASKET COMPANY (3944)
26555 Northwestern Highway
Southfield, MI   48034

NORTHRUP GRUMMAN CORPORATION (150)
South Oyster Bay Road
Bethpage, NY   11714

NOSROC CORPORATION (029)
c/o CT Corporation Systems
1635 Market Street, Suite 1120
Philadelphia, PA   19103

OKONITE COMPANY (3607)
Hilltop Road
Ramsey, NJ   07446

OWENS-ILLINOIS, INC. (032)
One SeaGate
Toledo, OH   43666

PARS MANUFACTURING COMPANY (034)
101 South Main Street
Ambler, PA   19002

PECORA CORPORATION (429)
165 Wambold Road
Harleysville, PA   19438

PENNSYLVANIA BRAKE BONDING (074)
9001 Torresdale Avenue
Philadelphia, PA   19140

PNEUMO ABEX CORPORATION (046)
Liberty Lane
Hampton, NH   03842

QUIGLEY COMPANY, INC. (319)
c/o C/T Corp.
111 Eighth Avenue
New York, NY   10011

RAYLOC COMPANY (0459)
600 Rayloc Drive
Atlanta, GA   30378

RILEY STOKER CORPORATION (233)
No. 9 Neponset Street
Worcester, MA   01606

RITE HOSE & PACKING (154)
as successor to BEVCO INDUSTRIES
c/o G. Daniel Bruch, Jr.
SWARTZ, CAMPBELL & DETWEILER
1601 Market Street, 34th Floor
Philadelphia, PA   191032316

ROBERT KEASBEY ()
466 Bloomfield Avenue
Newark, NJ 07107

ROBERTSON - CECO ()
2400 Highway 45 North
Columbia, MS 37910

ROCKBESTOS CO. (425)
c/o U.S. Corporation Co.
2704 Commerce Drive, Suite B
Harrisburg, PA 17110

SEPCO CORPORATION (136)
c/o Clokan J. Hollan
7301 Orangewood Avenue
Garden Grove, CA 92841-1411

SID HARVEY MID ATLANTIC, INC. (160)
410 S. Henderson Rd.
P.O. Box 1330
King of Prussia, PA 19406

SYNKOLOID, a Division of Muralo Co., Inc. ()

TARKETT CORPORATION ()
c/o U.S. Corporation Company
225 South 15th Street
Philadelphia, PA 19102

TENNANT COMPANY ()
201 North Lilac Drive
Minneapolis, MN 55440

THE BUDD COMPANY (479)
Legal Department
3155 W Big Beaver Rd
Troy, MI 48084

THIOKOL CHEMICAL CORPORATION ()
Newtown-Yardley Road
Newtown, PA 18940

UE&C-CATALYTIC ()
30 South 17th Street
Philadelphia, PA 19103

UNION CARBIDE CORP. (081)
c/o Joan Murphy, Esq.
KELLEY, DRYE & WARREN
101 Park Avenue
New York, NY 101780002

UNIROYAL, INC. (043)
70 Great Hill Road
Naugatuck, CT 06770

UNITED CONVEYOR CORPORATION ()
2100 Norman Drive West
Waukegan, IL  60085

UNIVERSAL REFRACTORIES (7292)
915 Clyde Street
Wampum, PA  16157

VELLUMOID, INC. (313)
54 Rockdale Street
Worcester, MA  01606

WEIL McLAIN, A Division of The Marley Company, A Wholly Owned
Subsidiary of United Dominion Industries, Inc. (163)
Glaine Street
Michigan City, IN  46360

WELCO MANUFACTURING ()
1225 Ozark Street
Kansas City, MO  64116

WESTINGHOUSE ELECTRIC CORPORATION (099)
2nd Floor, 11 Stanwix St.
Gateway Center #6
Pittsburgh, PA  15222

WORTHINGTON CORPORATION ()
426 Worthington Avenue
Harrison, NJ

WORTHINGTON INDUSTRIES, INC. ()
c/o Corporation Trust Center
1209 Orange Street
Wilmington, DE  19801

PAUL, REICH & MYERS, P.C.
Firm No. 99997
By: Robert E. Paul, Esquire
Identification No. 21252
Attorney for Plaintiff
1608 Walnut Street, Suite 500
Philadelphia, PA  19103
(215) 735-9200

> **THIS IS NOT AN ARBITRATION MATTER.**
> **ASSESSMENT OF DAMAGES HEARING NOT REQUIRED.**
> **JURY TRIAL DEMANDED.**

---

**IN THE COURT OF COMMON PLEAS**
**OF PHILADELPHIA COUNTY**
**TRIAL DIVISION: CIVIL SECTION**

---

DELMER HAMMOND and
ROSE M. HAMMOND, h/w
141 Glen Edge Road
Mantua, NJ  08051

    vs.

A.W. CHESTERTON, INC., et al.
Route 93
Middlesex Industrial Park
Stoneham, MA  02180

: MAY TERM, 2002
:
:
.
.
: NO.
:
:
.

> **COMPLAINT – CIVIL ACTION**
> **ASBESTOS**

1.    Plaintiffs, Delmer Hammond and Rose M. Hammond, husband and wife, reside at 141 Glen Edge Road, Mantua, New Jersey, and are citizens of the State of New Jersey.

2.    Plaintiff, Delmer Hammond, was born on December 8, 1919, and his Social Security Number is 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.

3.    Plaintiff, Delmer Hammond's only dependent is his wife Rose M. Hammond.

4. Plaintiff, Delmer Hammond, has smoked approximately 2 OR LESS pack(s) of cigarettes per day from 1935 until 1963.

5. Plaintiff's Social Security and IRS records will be furnished upon receipt.

6. Plaintiff's work history is as follows:

(a) From 01/01/45 to 02/01/45 - Beechnut Chewing Gum (Brooklyn, NY) as a laborer.

(b) From 02/01/45 to 01/01/46 - Manny's Soda Plant (Brooklyn, NY) as a seltzer maker.

(c) From 01/01/46 to 05/01/46 - Campbell Trucking (Brooklyn, NY) as a driver.

(d) From 05/01/46 to 01/01/49 - Federal Service (Fort Jay, NY) as a sanitation dept. truck driver.

(e) From 01/01/49 to 01/01/51 - Taxi Co. (Private Co. in NY) as a driver.

(f) From 01/01/51 to 01/01/54 - Keebler (Phila., PA) as a stockman.

(g) From 01/01/54 to 01/01/55 - Republic Aviation (Long Island, NY) as a riveter.

(h) From 01/01/55 to 01/01/65 - Taxi Co. (Private Co. in NY) as a driver.

(i) From 01/01/65 to 01/01/70 - Sun Ship (Chester, PA) as a pipefitter.

(j) From 01/01/70 to 04/01/70 - ABC Bakery (Phila., PA) as a driver.

(k) From 04/01/70 to 01/01/71 - Sun Ship (Chester, PA) as a pipefitter.

(l) From 01/01/71 to 12/31/72 - Campbell Soup as a pipefitter.

(m)   From 01/01/73 to 01/01/83 - E.I. DuPont (Cambers
Works, Deepwater, NJ) as a pipefitter.

7.   Plaintiff was exposed to asbestos at all
sites set forth supra.

8.   Plaintiff incorporates by reference against
defendants all the allegations of the Complaints filed in <u>Joan
Nealy, Executrix of Harry Platt v. Abex Corporation</u>, et al.,
Philadelphia C.P. May Term, 1985, No. 2678, <u>Rafael and Cecilia
Montero v. Abex Corporation</u>, et al., Philadelphia C.P. July Term,
1986, No. 1216, and <u>Richard and Suzanne Balbirer v. Abex
Corporation</u>, et al., Philadelphia C.P. July Term, 1986, No. 649, and
in <u>Anna Tedeschi, Administratrix of Cosmo Tedeschi v. Abex
Corporation</u>, et al., Philadelphia C.P. January Term, 1986, No. 1641,
and in the Master Plaintiffs' Complaint filed and prepared pursuant
to the Order establishing the Master Pleadings Procedure in the
Court of Common Pleas as if fully set out herein.

9.   All allegations against defendants named in
this lawsuit which were made in the Complaints filed in the
lawsuits annotated in Paragraph 8 above or in the Master
Complaint are incorporated by reference.

10.   The defendants are those companies listed in
the caption.   The principal places of business and the states of
incorporation of each of the defendants are set out in the
above-referenced filed master complaint or herein.

(a) Defendant, Ajax Magnethermic Corp., is an Ohio
corporation with its principal place of business located at 1745
Overland Avenue, N.E., Warren, Ohio.

(b) Defendant, Allen-Bradley Company, is a Wisconsin
corporation with its principal place of business at 1201 S. Second

Street, Milwaukee, Wisconsin 53204. Allen-Bradley is the successor in interest to the Rostone Corporation or sole shareholder of its creature and alter ego Rostone Corporation. It is responsible for all injuries caused by Rostone or by the Rostone Division of Allen-Bradley or its predecessors. The various Rostone entities sold Rosite and other asbestos containing products to Westinghouse Electric and other entities. These asbestos products caused the injuries complained of herein.

(c)

(d) Defendant, American Gas Furnace, is a New Jersey corporation with its principal place of business located at 140 Highway #1, Elizabeth, New Jersey.

(e) Defendant, American Lubricants Company, is an Ohio corporation with its principal place of business at 1227 Deeds Avenue, Dayton, Ohio. At all times material to this action, defendant sold, manufactured or distributed Sturdy Root Cement or Super-Sturdy Cement which contained asbestos. Plaintiff inhaled dust from this product which caused the injury.

(f) Defendant, American Petrofina, Inc. is a Delaware corporation with its principal place of business located at 818 West 7th Street, Los Angeles, California. At all times material it sold asbestos-containing talcote cement #050, asphalt and plaster products to which plaintiff/decedent was exposed. This exposure was a substantial contributing factor to the injury complained of herein.

(g) Defendant, American Standard, Inc. is the successor in interest to Westinghouse Air Brake Co., which sold asbestos-containing products such as, but not limited to, gaskets, brake shoes and brake linings. American Standard or its other

predecessor, Ideal, sold asbestos-containing boilers and cement to which plaintiff was exposed.

(h) Defendant, Azrock Industries, is a Delaware corporation with its principal place of business located in San Antonio, Texas. At all times material to this action, Defendant, sold asbestos containing products to which plaintiff or decedent was exposed. This exposure was a substantial contributing factor to the injuries complained of herein.

(i) BBA Friction Ltd. formerly Mintex U.K. is an English corporation located in West Yorkshire, England. At all times material it sold or manufactured asbestos or asbestos products which caused the injuries complained of herein.

(j) Defendant, BBC Brown Boveri, is a Delaware corporation with its principal place of business in Delaware. It or its predecessors sold asbestos containing arc chutes, molded products and other asbestos products which caused the injuries complained of herein.

(k) Defendant, Beazer East, Inc. (f/k/a Koppers Industries, Koppers Company, Inc., and Koppers Company), is a Pennsylvania corporation with its principal place of business in Pennsylvania. At all times material it sold asbestos containing roofing and other asbestos products to which Plaintiff was exposed and which caused his injury.

(l) Defendant, BF Goodrich Company, is a New York corporation with its principal place of business located at 3925 Embassy Parkway, Akron, Ohio. At all times material it sold cement and brake linings to which the injured person was exposed.

(m) Defendant, BOC Group, is a New York corporation with is principal place of business located at 65 E. 55th Street, New York, New York.

(n) Defendant, Bondex International, Inc., is a Missouri corporation with its principal place of business located at 3615 Scarlet Oak Boulevard, St. Louis, Missouri, and is the successor in interest to Reardon which sold asbestos-containing joint compound. Bondex also sold asbestos joint compound.

(o) Defendant, Brand Insulation, Inc., is an Illinois corporation with its principal place of business located at 3003 Renaissance, Park Ridge, Illinois. At all times material to this action Brand Insulation hired insulators who installed or ripped out and removed asbestos in plaintiff's/decedent's vicinity which actions caused emission of asbestos dust which plaintiff/decedent inhaled. Brand Insulation is the successor in interest to other companies who performed these jobs.

(p) Broudy Supply Company is a Pennsylvania corporation with its principal place of business at 25th & York. At all times material to this action, defendant sold asbestos-containing products to which plaintiff or decedent was exposed and which caused the injuries complained of herein.

(q) Burnham is a New York corporation which at all times material sold asbestos products or designed its products to contain asbestos. The asbestos on Burnham's products caused the injuries complained of herein.

(r) Defendant, C.E. Thurston, is a Virginia corporation with its principal place of business at 4850 Brookside Court, Norfolk, Virginia. At all times material, it distributed asbestos products for use on ships at Maryland Drydock, Norfolk Navy

Yard and Newport News Drydock Company to which plaintiff/decedent was exposed.

(s) Defendant, Cement Asbestos Products Company, is a mere creature and alter ego or a predecessor in interest to Asarco which is liable for all damages for injuries caused by exposure to the products of Cement Asbestos Products Company. Cement Asbestos Products Company manufactured, sold and/or distributed Capco Permaflex water pipe, an asbestos-containing pipe. Plaintiff was required to cut and handle or be near others cutting and handling that product which caused release of asbestos dust which he inhaled.

(t) Champlain National Securities is the successor in interest to Delaware and Hudson railroad and is liable as the successor to the Delaware and Hudson for all the torts of the Delaware and Hudson including but not limited to those as employer under the Federal Employer Liability Act.

(u) Defendant, Chevron USA is a Delaware Corporation with its principal place of business at 575 Market Street, San Francisco, California. At all times material it sold asbestos panel and roofing products to which plaintiff was exposed. *Indiana: Chevron is the successor in interest to Gulf Oil for Jones Act cases. This is such a case as decedent was exposed to asbestos on Gulf Oil ships particularly SS Gulf of Mexico.

(v) The defendant, Clark Equipment Co., is an Indiana corporation which, at all times material, sold equipment containing asbestos products such as brake linings and gaskets or designed to include asbestos products supplied by others.

(w) Defendant, Cleaver-Brooks, Inc., is a Delaware corporation with a principal place of business located in Lebanon, Pennsylvania. At all times material hereto Cleaver-Brooks, Inc. sold

boilers which were designed or intended to be insulated with asbestos. Because the boilers failed to contain adequate and sufficient warnings of the possible hazards of asbestos, they were defective and the conduct of defendant in selling that those products without such warnings was negligent. Since asbestos insulation on the boilers had to be removed, it was dangerous and warnings should have been given.

(x) Defendant, Congoleum Corporation, is a New Jersey corporation with its principal place of business located in Trenton, New Jersey which sold asbestos tile and floor products to which plaintiff was exposed.

(y) At all times material defendant Continental Oil or its predecessor sold Kaykor and other asbestos products which caused the injuries herein.

(z) Conwed is a Delaware Corporation with its principal place of business in Minnesota. At all times material it and its predecessor Wood Conversion Company manufactured and sold asbestos containing products including but not limited to Lo-Tone Ceiling tiles and Lay-In panels.

(aa) Crane Company is a Delaware Corporation with its principal place of business in Connecticut. It is the successor in interest to its former parent, Crane Company, an Illinois corporation, and liable for injuries due to exposure to the former Illinois Crane's asbestos products. At all times material to this action, Crane's predecessor sold Cranite sheet packing, packing for valves, braided asbestos, wick and rope packing, asbestocel, 85% magnesia, wool felt and other asbestos pipe insulation. Exposure to the asbestos dust from these products caused the injuries complained of herein.

(ab) Defendant, Crouse-Hinds, is a Texas corporation with its principal place of business located in Houston, Texas. Crouse-Hinds is a mere creature and alter ego or a predecessor in interest to Cooper Industries which is liable for any and all damages for injuries suffered from exposure to Crouse-Hinds products. Plaintiff/decedent used, handled or was exposed to Chico X asbestos fiber which was distributed or sold by Crouse-Hinds.

(ac) Crown, Cork and Seal is the successor in interest to Mundet Cork and is liable for injuries caused by exposure to the asbestos products of Mundet.

(ad) Defendant, Drever Furnaces, is a Pennsylvania corporation with its principal place of business in Huntington Valley, Pennsylvania. At all times it sold, installed or distributed asbestos-containing products to which Plaintiff or decedent was exposed and inhaled the asbestos dust from those products.

(ae) Defendant, Firestone Tire & Rubber Co., is a corporation organized and existing under the laws of the State of Ohio with its principal place of business located at 1200 Firestone Parkway, Akron, Ohio. At all times material hereto, defendant, Firestone Tire and Rubber Company, manufactured, distributed, produced and sold, either directly or indirectly in the geographical area in which plaintiff/decedent worked and/or to the employers of the plaintiff/decedent and/or to contractors on job sites on which plaintiff/decedent worked, asbestos friction products under the name Worldbestos. Firestone Tire and Rubber Company, is an Ohio corporation with its principal place of business in Akron, Ohio. At all times material hereto, defendant, Firestone Tire and Rubber Company, manufactured, distributed, produced and sold, either directly or indirectly in the geographical area in which

plaintiff/decedent worked and/or to the employers of the
plaintiff/decedent and/or to contractors on job sites on which
plaintiff/decedent worked, asbestos friction products under the name
Worldbestos which it manufactured at its plant in the State of
Indiana.

(af)Defendant, Fluor Corporation, is a California
corporation with its principal place of business located at 333
Michelson Drive, Irvine, California.

(ag)General Motors is a Delaware corporation with its
principal place of business in Michigan. At all times it sold
asbestos brake linings, clutches, gaskets and paper. It also sold
vehicles designed and intended to include asbestos products either
of General Motors or others including engines. It is also sued as a
premises defendant for injuries suffered in its Anderson, Indiana
plant where the injured party was exposed and for the Allison plant
in the Indianapolis area.

(ah)Defendant, Greene, Tweed & Company, is a
Pennsylvania corporation with its principal place of business
located at Detweiler Road, Kulpsville, Pennsylvania.

(ai)H.B. Fuller is a corporation organized and
existing under and by virtue of the laws of the State of Delaware
and at all times material to plaintiff's Complaint was doing
business in the State of Delaware.

(aj)Defendant, Heintz Corporation is a Delaware
Corporation, with its principal place of business in Pennsylvania.
Plaintiff while not employed by Heintz worked at the Heintz
Corporation. As a result of the negligent maintenance of the
Heintz's facilities at Frankford and Olney plaintiff was exposed to
asbestos on the grounds of its facility without adequate precautions

or warnings. As a result of the exposure Plaintiff suffered the injuries complained of herein.

(ak)Defendant, Hercules Chemical, is a New Jersey corporation with its principal place of business at 111 South Street, Passaic, New Jersey. At all times material to this action defendant sold asbestos containing products such as Fireite, Hercules Furnace Cement, Hi-Heat Furnace Cement, For Heat's Sake Staput Roof and Flashing Cement to which the injured person was exposed. The injured person inhaled asbestos dust from the asbestos products which caused the injuries complained of herein.

(al)Defendant, HONEYWELL at all times material sold and/or installed V493 and V893 electric diaphragm gas valves, and C434 pilotstat and Q235, 300, 309A1, and 309A2 thermocouples containing asbestos to or use on the Lattner boiler at issue herein. As a result of the asbestos being released during installation, operation or repair of the Lattner boiler at issue herein, the asbestos was inhaled by the injured person causing the injuries complained of herein.

(am)Defendant, IPA Systems, Inc., is a Pennsylvania corporation with its principal place of business located at 2745 North Amber Street, Philadelphia, Pennsylvania. IPA Systems, Inc. is the successor in interest to Penn Crete Products. Penn Crete Products was a Pennsylvania corporation with its principal place of business located at 2745 North Amber Street, Philadelphia, Pennsylvania. At all times material hereto Penn Crete sold asbestos-containing joint compound or cement to which plaintiff was exposed.

(an)Defendant, Sexauer J.A. Manufacturing Company is a California corporation with its principal place of business

located at 105 Mayo Avenue, Vallejo, California. At all times
material to this action it sold asbestos-containing products to
which plaintiff or decedent was exposed. This exposure was a
substantial contributing factor to the injury complained of herein.

(ao) At all times material to this action defendant
was the agent for defendant United Conveyor Corporation and/or an
independent contractor which installed and removed the asbestos on
the United Conveyor ash system and exposed the injured person to
asbestos from that ash handling product.

(ap) Defendant, John Crane, Inc., formerly known as
Crane Packing and John Crane-Houdaille, is a Delaware corporation
with its principal place of business at 6400 Oakton Road, Morton
Grove, Illinois.

(aq) Defendant, Kaiser Gypsum Company, Inc., is a
California corporation with its principal place of business located
at 3000 Busch Road, Pleasanton, California. At all times material it
sold asbestos cement, board, joint compound and other products.

(ar) Defendant, Karnak Corporation is a New Jersey
corporation with its principal place of business in New Jersey. At
all times material it sold asbestos products to which the injured
person was exposed and which caused the injuries complained of
herein. Such asbestos products included but are not limited to 155
Amphibikote.

(as) Defendant, Keeler/Dorr - Oliver Boiler Co., is a
Pennsylvania Corporation with its principal place of business at 238
West Street, Williamsport, Pennsylvania. At all times material to
this action, Keeler/Dorr-Oliver or its predecessor in interest,
Keeler, sold boilers designed to include asbestos or which it knew
or should have known would be insulated with asbestos and on which

asbestos would be installed and from which asbestos would be removed. As a result of working on, in or around Keeler boilers, employee herein was exposed to asbestos which caused his injuries.

(at) Defendant, Kelsey-Hayes Products Div., is a Michigan corporation with its principal place of business located in Romulus, Michigan. At all times material it sold asbestos containing brake linings.

(au) Defendant, Kerite Company, is a Connecticut corporation with its principal place of business located at 49 Day Street, Seymour, Connecticut.

(av) Defendant, The M.W. Kellogg Company, is a New Jersey corporation with its principal place of business located in Houston, Texas, and is the successor in interest to M.W. Kellogg Company. The M.W. Kellogg Company, at all times material to this action, employed insulators and other employees who installed asbestos insulation on and/or removed such insulation from pipes and boilers at the places of plaintiff's/decedent's employment. Plaintiff/Decedent was exposed to the asbestos dust and fibers emitted by the installation or removal of such asbestos products by Kellogg's employees either while such activities were conducted in his vicinity by Kellogg employees or when the asbestos products installed by Kellogg employees were removed from the pipes and boilers either by plaintiff/decedent himself or co-workers.

(aw) Defendant, Midland-Ross, is an Ohio corporation. At all times material, it sold or installed furnaces containing asbestos to which the injured person was exposed.

(ax) At all times material defendant Minnesota Mining and Manufacturing sold asbestos products which caused the injuries complained of herein.

(ay) Defendant, Mobil Oil Corporation, is a Delaware corporation whose principal place of business is located in New York. Mobil sold Dum Dum asbestos products to which plaintiff/decedent was exposed and which caused the injuries complained of herein.

(az) Defendant, Montello is an Oklahoma corporation with its principal place of business located at 6016 E. 32nd Place, Tulsa Oklahoma. At all Times material to this action it sold Univis and visbestos to which Plaintiff was exposed and which caused his injuries.

(ba) Defendant, Okonite Company, is a Delaware corporation with its principal place of business at Hilltop Road, Ramsey, New Jersey. At all times material, it sold asbestos-containing wire and cable to which plaintiff/decedent was exposed.

(bb) Defendant, Pars Manufacturing Company, is a Pennsylvania corporation with its principal place of business located at 101 South Main Street, Ambler, Pennsylvania.

(bc) Defendant, Pecora Corporation, is a Pennsylvania corporation with its principal place of business located at 165 Wambold Road, Harleysville, Pennsylvania. Pecora Corporation at all times material hereto, manufactured, supplied, distributed and/or produced any and all of the asbestos-containing products to which the plaintiff/decedent was exposed through his employment including, but not limited to, Red Devil Furnace Cement, sealings and other products.

(bd) Defendant, Rayloc Company, is a wholly owned subsidiary and mere creature of Genuine Parts Company. It is a Georgia corporation with its principal place of business at 600

Rayloc Drive, Atlanta, Georgia 30378. At all times material to this action defendant sold asbestos-containing friction products under the name Rayloc to which Plaintiff was exposed. Asbestos dust was emitted by Rayloc asbestos friction products which was inhaled by Plaintiff and caused his injury.

(be) Defendant, Robert Keasby, is a New York corporation with its principal place of business located at 71 West 23rd Street, New York, New York.

(bf) Robertson-Ceco is the successor in interest to H.H. Robertson. This company was a Pennsylvania corporation with place of business in Pennsylvania. At all times Robertson sold or installed asbestos-containing Galbestos to which plaintiff was exposed and which caused the injuries herein.

(bg)

(bh)

(bi) The defendant, Tennant Company, is a Minnesota corporation. At all times material it sold sweepers and other vehicles containing or designed to contain asbestos/asbestos products supplied by others.

(bj) Defendant, The Budd Company, is a Pennsylvania corporation with its principal place of business in the Commonwealth of Pennsylvania. It sold trains insulated with asbestos to which plaintiff was exposed.

(bk) Defendant, Thiokol Chemical Corporation, is a Pennsylvania corporation with its principal place of business located at Newtown-Yardley Road, Newtown, Pennsylvania.

(bl) Defendant, UE&C-Catalytic, is a Pennsylvania corporation with its principal place of business located at 1500 Market Street, Philadelphia, Pennsylvania. At all times material to

this action UE&C-Catalytic employed insulators who installed or ripped out and removed asbestos in plaintiff's/decedent's vicinity which action caused emission of asbestos dust which plaintiff/decedent inhaled.

(bm) At all times material to this action defendant United Conveyor Corporation sold asbestos containing NUVA Seal cement and Quick Setting cement to which the injured person was exposed and which caused the injuries complained of herein. In addition, defendant installed and repaired its ash handling system in the presence of the injured person. In those operations asbestos dust was released which caused the injuries complained of herein. The NUVA Seal was mixed in Mishawaka and South Bend Indiana.

(bn) Defendant, Universal Refractories, is a Pennsylvania corporation with its principal place of business in Pennsylvania. At all times material, it sold asbestos-containing products including but not limited to hot tops which caused the injuries complained of herein.

(bo) Defendant, Vellumoid, Inc., is a North Carolina corporation with its principal place of business at 54 Rockdale Street, Worcester, Massachusetts. At all times material to this action Vellumoid or its predecessors in interest including W.R. Grace manufactured, distributed or sold asbestos gasket materials, rolls, or compressed sheets. As a result of its intended and foreseeable use, this equipment would become old and frayed and would emit asbestos dust and fibers which plaintiff/decedent inhaled.

(bp) At all times material defendant sold Wel-Cote and other asbestos-containing products to which the injured person was exposed and which caused the injuries complained of herein.

(bq) Defendant, Worthington Corp. is a New Jersey corporation with its principal of business located in New Jersey. At all times material it sold pumps insulated with asbestos or designed to be insulated with asbestos to which Plaintiff was exposed and which caused his injuries.

(br) Defendant, Worthington Industries, Inc., is a Delaware corporation with its principal place of business located in a State other than Pennsylvania.

11. During the course of his employment at the worksites noted in Paragraph 6 supra, plaintiff believes and therefore avers that he was exposed to asbestos fiber or asbestos products manufactured, sold, distributed, or otherwise placed into the stream of commerce by the defendants. The term asbestos products as used herein includes asbestos-containing products such as boilers and engines and furnaces and turbines. The term asbestos-containing as used herein means products sold with asbestos or products whose designers, manufacturers and fabricators knew, should or could have known that it would be insulated or could be insulated with asbestos.

12. Plaintiff does not now know whether or not he was exposed to asbestos products at worksites other than those enumerated in Paragraph 6 above, but he reserves his right to assert at trial that he was so exposed at the other sites, should such evidence develop. Plaintiff avers that should such evidence develop, he will promptly notify defendants well in advance of trial.

13. Plaintiff, Delmer Hammond, was diagnosed as having contracted Asbestosis as a result of his asbestos exposure by Dr. L. Marchant, M.D. on or about May 26, 2000.

14. Plaintiffs plead for all of the items of damages set forth in the Complaints filed in the cases of Rafael Montero and Richard Balbirer and in the Master Complaint for all asbestos cases in the Court of Common Pleas which Complaints are referenced in Paragraph 8 of this Complaint.

**WHEREFORE**, plaintiffs demand of defendants a sum in excess of Fifty Thousand Dollars ($50,000.00), exclusive of interest and costs for compensatory damages, and a sum in excess of Fifty Thousand Dollars ($50,000.00) in punitive damages.

PAUL, REICH & MYERS P.C.

BY: _____
ROBERT E. PAUL

## **VERIFICATION**

I hereby certify that I am a Plaintiff in the instant matter and the facts contained herein are true and correct to the best of my knowledge, information and belief. This statement is made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.



PAUL REICH & MYERS, P.C.
ATTORNEYS AT LAW
1608 WALNUT STREET SUITE 500
PHILADELPHIA PENNSYLVANIA 19103

FROM

TO

CHRYSLER CORPORATION
12000 Chrysler Drive
Highland Park, MI  48288-0001

7001 1940 0002 9911 5786

# EXHIBIT "A"

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

IN RE: FEDERAL-MOGUL     :     Chapter 11
GLOBAL, INC., T&N        :     Case Nos. 01-10578, et al.[1]
LIMITED, et al.,         :
                         :
         Debtors.        :
-------------------------

## ORDER OF CLARIFICATION RE:
## PROVISIONAL TRANSFER OF FRICTION PRODUCTS CLAIMS

This matter having been opened upon the Court's own motion;
and the Court having withdrawn the reference with respect to
several motions to transfer and to provisionally transfer (the
"Transfer Motions") claims pending in the several United States
District Courts against defendant manufacturers of so-called
"friction products" (respectively the "Friction Products Claims"
and the "Friction Products Defendants") previously removed by the
Friction Products Defendants from the several state courts; and
for the reasons set forth in the letter opinion of the Court
filed herewith; and for good cause shown

It is this    day of January, 2002

ORDERED that this Order governs all Provisional Transfer
Orders whether already issued by the Court or that may be issued
in the future and those Orders shall not be construed in a manner
inconsistent with the terms of this Order, and it is further

ORDERED that the Provisional Transfer Orders are limited in

---

[1]See attached list.

effect to only those claims against the Friction Products Defendant(s) identified in the respective moving papers and Provisional Transfer Orders and that no other claims and no other parties are affected by the Provisional Transfer Orders, and it is further

ORDERED that any Friction Product Claim that would have been subject to a Provisional Transfer Order previously issued by this Court but for the fact that such Friction Product Claim had not yet been removed on the date the Provisional Transfer Order was issued is hereby provisionally transferred to this Court subject to further Order of this Court, and it is further

ORDERED that counsel identified in the Court's previous Provisional Transfer Orders shall provide to claimants provisionally transferred by this Order such notice and waivers of further service as was specified in the relevant previous Orders, and it is further

ORDERED that claimants provisionally transferred by this Order shall not be subject to the briefing schedule with respect to the Transfer Motion, and shall file no papers in opposition to the Transfer Motion except as provided by further Order of this Court.

                              /s/_____
                              ALFRED M. WOLIN, U.S.D.J.


                                    2

IN RE: FEDERAL-MOGUL GLOBAL, INC.
Case Numbers

| | | | |
|---|---|---|---|
| 01-10578 | 01-10643 | 01-10700 | 01-10750 |
| 01-10580 | 01-10644 | 01-10701 | 01-10751 |
| 01-10582 | 01-10646 | 01-10702 | 01-10752 |
| 01-10585 | 01-10647 | 01-10703 | 01-10753 |
| 01-10586 | 01-10649 | 01-10704 | 01-10754 |
| 01-10587 | 01-10650 | 01-10705 | 01-10755 |
| 01-10589 | 01-10651 | 01-10706 | 01-10756 |
| 01-10591 | 01-10652 | 01-10707 | 01-10757 |
| 01-10593 | 01-10653 | 01-10708 | 01-10758 |
| 01-10594 | 01-10654 | 01-10710 | 01-10759 |
| 01-10596 | 01-10655 | 01-10711 | 01-10760 |
| 01-10598 | 01-10656 | 01-10712 | 01-10761 |
| 01-10599 | 01-10657 | 01-10713 | 01-10762 |
| 01-10600 | 01-10658 | 01-10714 | 01-10763 |
| 01-10601 | 01-10659 | 01-10715 | 01-10764 |
| 01-10603 | 01-10660 | 01-10716 | 01-10765 |
| 01-10604 | 01-10661 | 01-10717 | 01-10766 |
| 01-10605 | 01-10662 | 01-10718 | 01-10767 |
| 01-10606 | 01-10664 | 01-10719 | 01-10768 |
| 01-10608 | 01-10665 | 01-10721 | 01-10769 |
| 01-10610 | 01-10666 | 01-10722 | 01-10770 |
| 01-10611 | 01-10668 | 01-10723 | 01-10771 |
| 01-10613 | 01-10669 | 01-01724 | 01-10772 |
| 01-10614 | 01-10672 | 01-10726 | 01-10773 |
| 01-10615 | 01-10673 | 01-10727 | 01-10774 |
| 01-10617 | 01-10675 | 01-10728 | |
| 01-10618 | 01-10682 | 01-10729 | |
| 01-10619 | 01-10683 | 01-10730 | |
| 01-10620 | 01-10684 | 01-10731 | |
| 01-10621 | 01-10685 | 01-10732 | |
| 01-10622 | 01-10686 | 01-10733 | |
| 01-10623 | 01-10687 | 01-10734 | |
| 01-10625 | 01-10688 | 01-10736 | |
| 01-10626 | 01-10689 | 01-10737 | |
| 01-10627 | 01-10690 | 01-10739 | |
| 01-10629 | 01-10691 | 01-10741 | |
| 01-10630 | 01-10692 | 01-10742 | |
| 01-10632 | 01-10693 | 01-10743 | |
| 01-10633 | 01-10694 | 01-10744 | |
| 01-10634 | 01-10695 | 01-10745 | |

| | | |
|---|---|---|
| 01-10637 | 01-10696 | 01-10746 |
| 01-10638 | 01-10697 | 01-10747 |
| 01-10640 | 01-10698 | 01-10748 |
| 01-10641 | 01-10699 | 01-10749 |

# EXHIBIT "B"

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | : | |
| | : | **CHAPTER 11** |
| FEDERAL-MOGUL GLOBAL, INC., | : | |
| | : | **BANKRUPTCY NO. 01-10587** |
| Debtor. | : | (jointly administered) |

**ORDER 1) DENYING THE MOTIONS TO TRANSFER THE "FRICTION PRODUCTS CLAIMS" AND 2) REMANDING THE FRICTION PRODUCTS CLAIMS**

This matter having been opened before the Court upon the several motions of parties, denominated in the prior Orders of the Court as the "Friction Products Defendants," to transfer to this District into the above-captioned proceedings the claims against the movants previously denominated "Friction Products Claims"; and the Court having previously granted this motion on a provisional basis and the Friction Products Claims having already been provisionally transferred to this Court subject to a plenary hearing on the motion to transfer; and the Court having previously given notice to the parties that it would consider arguments directed to subject matter jurisdiction, abstention and remand in ruling upon the movants' applications; and the Court having reviewed the submissions of counsel and heard oral argument; and for the reasons set forth on the record at the hearing on those motions today, as supplemented by a written Opinion to follow; and for good cause shown

It is this 8th day of February 2002

1

ORDERED that the motions to transfer the Friction Products Claims are denied, and it is further

ORDERED that this Court lacks subject matter jurisdiction over the Friction Products Claims, and it is further

ORDERED that the Friction Products Claims are remanded to the state courts from which they were removed pursuant to 28 U.S.C. § 1447, and it is further

ORDERED that, in the alternative, the Friction Products Claims are remanded to the state courts from which they were removed pursuant to 28 U.S.C. § 1452.

 

Alfred M. Wolin, U.S.D.J.

2

# EXHIBIT "C"

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

### No. 02-1426

In Re: Federal-Mogul Global, Inc., et al.

Daimler Chrysler Corporation, Ford Motor
Company and General Motors Corporation,
Appellants

(DC No. 01-10578 (AMW))

Present:       Scirica, Circuit Judge

1) Emergency Motion for Stay Pending Appeal by Appellants

_____ O R D E R _____

The forgoing Motion for stay is granted temporarily in order for the Court to receive responses to
the motion from opposing counsel and for full consideration of the matter by a three judge panel.
Appellees' shall file written responses to the motion for stay on or before 10:00 am, Friday,
February 15, 2002.

For the Court,

Clerk

Dated: FEB 1 1 2002
DSC/cc: CL , EW , ET
        RM , AR , PK
        ME · VK , WW
        RP , JSG

TOTAL P.02

# EXHIBIT "D"

Edward Finch - schedulingorder.pdf

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


Nos. 02-1426, 02-1491, 02-1492, 02-1588, 02-1652, 02-1664, 02-1688 and 02-1741


IN RE: Federal-Mogul Global, Inc.


PRESENT:    Becker, Chief Judge


## ORDER

The following briefing schedule is hereby established in these consolidated appeals:

April 8, 2002: Appellants' joint opening brief on the merits of the district court's decision (14,000 words);

April 26, 2002: Appellees' joint response brief on the merits of the district court's decision and appellees' objections to appellate jurisdiction (21,000 words);

May 10, 2002: Appellants' joint reply brief on the merits of the district court's decision and response on appellate jurisdiction (21,000 words);

May 16, 2002: Appellees' joint reply brief on appellate jurisdiction (7,000 words).

It is expected that the various appellants and appellees will join in these joint briefs to the greatest extent practicable. However, an individual appellant or appellee may file a separate brief addressing discrete issues particular to that party, as long as those issues are not merely repetitive of the arguments advanced in the joint brief. Such separate briefs are due on the same date as the joint brief addressing the relevant issues. The foregoing word limitations are established for the joint briefs without prejudice to motions for extension of those limitations if necessary to respond to the separate submissions.

A brief will be considered timely filed if it is deposited with an express mail service on the due date for overnight delivery on the next business day. In addition, all briefs shall be served on all parties by e-mail by 5:00 p.m. Eastern time on the due date. A list of e-mail addresses is attached to this order.

Edward Finch - schedulingorder.pdf

Oral argument will be held on June 17, 2002. The time will be fixed by the panel. The allocation of oral argument time will be as follows:

Appellants' opening argument: 1 hour

Appellees' argument: 1 hour, 20 minutes

Appellants' rebuttal: 20 minutes

The parties will determine an appropriate allocation of argument time for various counsel within these aggregate allotted times.

The temporary stay entered by this Court on February 11, 2002, as clarified by the order of March 19, 2002, will remain in effect until further order of the merits panel.

By the Court,

Chief Judge

Date: MAR 2 5 2002
mb/cc: All counsel of record

**ATTACHMENT: e-mail addresses for service**

Appellants' counsel:

Ford Motor Company, General Motors Corporation, DaimlerChrysler Corporation:

David M. Bernick (david_bernick@chicago.kirkland.com)
Christopher Landau (clandau@dc.kirkland.com)
Eric B. Wolff (ewolff@dc.kirkland.com)

Honeywell:

Thomas F. Campion (thomas.campion@dbr.com)
Kenneth J. Wilbur (kenneth.wilbur@dbr.com)
Michael J. Reynolds (michael.reynolds@dbr.com)

International automakers:

David Wilks (wilksd@whitewms.com)
Chris Singewald (singewaldc@whitewms.com)

Official Unsecured Creditors Committee:

Robert B. Millner (RMillner@sonnenschein.com)

Hennessy Indus., Inc.:

Paul Day (paul.day@piperrudnick.com)
Henry A. Heiman (hheiman@hagblaw.com)

Holman Enterprises, B.F. Goodrich, Salvo Auto Parts:

Lee Baylin (leebaylin@baylinlaw.com)
Michael A. Stover (mstover@wtplaw.com)
Douglas F. Murray (dmurray@wtplaw.com)

Appellees' counsel:

Official Committee of Asbestos Claimants

Elihu Inselbuch (ei@capdale.com)
Trevor W. Swett III (tws@capdale.com)

Ad Hoc Committee of Asbestos Claimants

Alan Rich (arich@baronbudd.com)
Charles S. Siegel (siegel@swpk.com)
Robert T. Haefele (RHaefele@Wilentz.com)
Nancy Davis (ndavis@nmlrp.com)

### Kaeske-Reeves Claimants - Beaty, Salter, and Sturdevant

Kay Reeves (kreeves@kaeske-reeves.com)
J. Bradshaw (jbradshaw@kaeske-reeves.com)
Michael B. Pullano (mpullano@mccarter.com)

### Waters & Kraus plaintiffs/Unofficial Committee of Select Asbestos Claimants

Charles S. Siegel (siegel@swpk.com)

### Counsel for Federal-Mogul

Laura Davis Jones (ljones@pszyj.com)

TOTAL P.05